```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**BRENDA ROGERS,**

    **Plaintiff,**

**v.**                                                  **Civil Action No. 1:07-00626**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

Pending before the court are the parties' respective motions for judgment on the pleadings.  (Doc. Nos. 10, 12.)  By Standing Order entered on August 1, 2006, and filed in this case on October 9, 2007, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  On January 13, 2009, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R").  (Doc. No. 13.)  On January 20, 2009, plaintiff submitted timely objections (Doc. No. 14), of which the court has conducted a de novo review.

### I.  Plaintiff's Objections

In her objections, plaintiff asserts that the final decision of the Commissioner and the recommendation of the magistrate

judge were not supported by substantial evidence. (Doc. No. 14 at 1.) Specifically, plaintiff argues that the administrative law judge ("ALJ") erred in concluding that plaintiff did not have an impairment or combination of impairments meeting or medically equaling the diagnostic criteria for mental retardation under Listing 12.05(C) of the Listing of Impairments ("LOI"), 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 1-6.)

## II. Analysis

### A. Standard of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

### B. Legal Analysis

The section in question defines mental retardation as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in

-2-

>adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
>The required level of severity for this disorder is met [by a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C).

It is the Commissioner's position that this section creates a three-part test, including the threshold requirement that a claimant demonstrate "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period."  Indeed, the regulations make clear that

>The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings.  Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation.  It also contains four sets of criteria (paragraphs A through D).  If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.

20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.00A.  As the magistrate judge noted, while the Fourth Circuit has not yet addressed this specific issue, other courts have held that a claimant must demonstrate deficits in adaptive functioning in order to satisfy listing 12.05C.  (See Doc. No. 13 at 11-12 (citing Burrell v. Commissioner, No. 99-4070, 2000 U.S. App. LEXIS 36000 (Dec. 8, 2000 6th Cir.); Justice v. Barnhart, 431 F.

-3-

Supp. 2d 617, 619 (W.D. Va. 2006); Higgins v. Barnhart, 288 F. Supp. 2d 811 (S.D. Tex. 2002).)

Plaintiff argues that this court should follow Eleventh Circuit precedent to the effect that "a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." Hodges v. Barnhart, 276 F.3d 1265, 1266 (11th Cir. 2001).  As the magistrate judge correctly concluded, however, the presumption applied in Hodges "ignores the express language of the Regulation that requires a claimant to satisfy the diagnostic description of mental retardation, i.e., deficits in adaptive functioning, and the two criteria set forth in § 12.05C."  (Doc. No. 13 at 13.)

In evaluating the evidence of record, the ALJ considered that, despite quitting school in seventh grade, plaintiff is able to read and write.  Although she experiences some difficulty with reading, she is nonetheless able to read paperback books. Importantly, the evidence indicates that plaintiff is able to function adaptively at a higher level relative to her IQ scores; she maintains her own residence and manages her bills independently, cares for herself and her children, interacts with family and friends, travels, plays games and follows story lines on television.  Substantial evidence therefore supported the ALJ's conclusion that, despite having a qualifying IQ score,

plaintiff did not have a significantly deficient level of adaptive functioning prior to age 22.[*]

To the extent plaintiff objects to the magistrate judge's conclusion that she has not demonstrated a significant work-related limitation of function as required under § 12.05C, her objection is also without merit.  The Global Assessment of Functioning ("GAF") score of 51 assessed by Jeannie M. Taylor, M.A., and Tammie L. Smith, M.A., was drawn from plaintiff's self-reports, and is not otherwise consistent with the results of their examination.  According to Timothy Saar, Ph.D., any mental impairment from which plaintiff suffers places "at most mild limitations" on her ability to maintain social functioning and concentration," and "at most mild restrictions in her activities of daily living."  (Doc. No. 9 at 18.)  Furthermore, Holly Cloonan, Ph.D., also characterized plaintiff's depression as "nonsevere."  (Id.)

It is evident from the transcript that the ALJ's denial of benefits was based soundly on the totality of the medical evidence, as well as plaintiff's reported daily activities.  "Ultimately, it is the duty of the administrative law judge

---

[*] Indeed, plaintiff has been employed in various positions in the past and, importantly, she has not demonstrated that her condition has deteriorated since that time.  See Craig v. Chater, 76 F.3d 585, 595 n.7 (4th Cir. 1996)(where claimant had worked as seamstress for four years, she could not be found disabled absent claim of significant deterioration of her condition).

reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)).  Because the ALJ's decision was supported by ample evidence and was consistent with the applicable law, it must be upheld.

### III.  Conclusion

Plaintiff has failed to direct the court to any matters on which the conclusion of the Commissioner was not supported by substantial evidence.  Accordingly, for the reasons set forth above, plaintiff's objections to the magistrate judge's PF & R are hereby **OVERRULED**.  In an accompanying Judgment Order, the court adopts the factual and legal analysis contained within the Proposed Findings and Recommendation, denies plaintiff's motion for judgment on the pleadings (Doc. No. 10), grants defendant's motion for judgment on the pleadings (Doc. No. 12), affirms the final decision of the Commissioner, and dismisses this matter from the court's active docket.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 20th day of March, 2009.

ENTER:

David A. Faber
Senior United States District Judge